**United States District Court**
**Middle District of Florida**

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

       Plaintiffs,

v.

BPS DIRECT, LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

       Defendants.

_____/

Case No.: 22-CA-005892

## NOTICE OF REMOVAL

### STATEMENT OF THE CASE

Defendant TEXSPORT INCORPORATED hereby removes Case No. 22-CA-005892 from the Circuit Court of  Hillsborough County, Florida to the United States District Court, Middle District of Florida pursuant to 28 U.S.C §§ 1332, 1441 and 1446, and as grounds for their removal state as follows:

    1.     On July 13, 2022, Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado filed a Complaint in the Circuit Court of Hillsborough County, Florida captioned *Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado v. BPS Direct, LLC D/B/A Bass Pro Shops; Texsport Incorporated; and The Coleman Company, Inc.*, Case No. 22-CA-005892 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit 1**  hereto.

    2.     Defendant Texsport Incorporated was served with the Summons and Complaint on September 2, 2022.

    3.     The Complaint asserts various causes of action against the defendants,

1

including claims of Negligence, Breach of Implied Warranty of Merchantability, and Breach of the Implied Warranty of Fitness for a Particular Purpose, and Strict Liability. Each of Plaintiffs' claims is based on the contention that Plaintiff Jenny Garcia Berrios was injured on May 31, 2021 while standing near a Portable Butane Stove ("Subject Stove"). (*See* Compl. ¶¶25-26.)

4.   Plaintiff Berrios alleges the following injuries:

- "legs were completely burnt, and three fingers on her right hand";

- "many painful debridement's of her wounds, which required both intravenous and oral pain medication to be completed";

- "excisions and skin grafting on her legs";

- "liable for large sums of money for medical and hospital care and attention";

- "over two (2) weeks in the hospital undergoing treatment for her injuries as well as physical and occupational therapy";

- "burns remain unhealed, and she remains in constant, debilitating pain"; and

- "(a) first, second and third degree burns to the right hand and lower extremities, requiring painful debridement and ultimately excision and grafting of undamaged skin to the burnt areas; (b) extreme pain and suffering; (c) thick scarring resulting in limited mobility; (d) loss of enjoyment of life; (e) lost income and lost earning capacity."

(Compl. ¶¶ 26-31, 48.)

5.   Plaintiff Jorge Antonio Lopez Maldonado has also asserted a claim for "Loss of Consortium against All Defendants" due to the injuries to his wife Plaintiff Berrios.

6.   Under Florida law, the Plaintiffs' Complaint alleged a minimum jurisdictional limit indicating that "This is action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest, and attorneys' fees (the estimated value of Plaintiffs' claim is in excess of the minimum jurisdictional threshold

required by this Court)." (Compl. ¶10). Plaintiffs' Civil Coversheet, attached hereto as **Exhibit 2**, further indicates that the Amount of Claim is "over $100,000.00." (Civil Coversheet at 1.)

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.       This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants and because the "preponderance of the evidence" indicates that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

8.       Plaintiffs allege that they were and are both residents of Tampa, Hillsborough County. (Compl. ¶¶2-6.).

9.       Plaintiffs allege Defendant BPS Direct, LLC d/b/a Bass Pro Shops is a Delaware limited liability company. (Compl. ¶4.) Florida Secretary of State records indicate that BPS Direct, LLC's principal place of business is 2500 E. Kearney, Ave, Springfield, MO 63105.

(https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=forl-m10000002680-c2f8d19c-a8d6-446b-8856-216aa3321d33&transactionId=m10000002680-1337075e-33bf-4a73-83db-80dbc5b7dfb4&formatType=PDF).

10.       Plaintiffs allege that Defendant Texsport Incorporated is Iowa corporation with its principal place of business in Texas. (Compl. ¶5.)

11.       Plaintiffs alleges that Defendant The Coleman Company, Inc. is a Delaware corporation with its principal place of business in Illinois. (Compl. ¶6.)

12.       Therefore, there is complete diversity between the Plaintiffs and

Defendants in this action.

13.     Although Plaintiffs' Complaint simply indicates that their action is "for damages that exceeds the sum of $30,000," the Complaint and other papers indicate, by "preponderance of the evidence," that the amount in controversy exceeds the jurisdictional requirement of $75,000. Plaintiffs' allegations of permanent injuries and other allegations in the Complaint make it obvious that the damages sought exceed $75,000. Specifically, Plaintiff Berrios claims multiple physical injuries, impairments, and disabilities, as indicated above, and which collectively are "severe and permanent injuries." (Compl. ¶7.)  Plaintiffs' Civil Coversheet filed with the State Court Action further indicates that the Amount of Claim is "over $100,000.00." (Civil Coversheet at 1.) Accordingly, the Complaint and other papers indicate, by "preponderance of the evidence," that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Williams v. Best Buy Company, Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001).

14.     Therefore, the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

15.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, and orders filed in the State Court Action which have been served upon Defendants are being filed with this Notice of Removal. Those are attached hereto as **Exhibit 3**.

16.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served join in and consent to the removal of the action. (*See* Consents below).

17.     This Notice of Removal has been filed within 30 days of the date Texsport Incorporated was served with the Summons and Complaint in this matter with consideration of Federal Rule of Procedure 6(a)(1) in computing and extending time. As a result, removal is timely in accordance with 28 U.S.C. § 1446(b).

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Middle District of Florida is the federal judicial district embracing the Circuit Court of Hillsborough County, Florida where the State Court Action was originally filed.

CONCLUSION

By this Notice of Removal, Texsport Incorporated does not waive any objection they may have as to service, jurisdiction, or any other defenses they may have to this action. Texsport Incorporated intends no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

Dated this 3rd day of September 2022,

MCCOY LEAVITT LASKEY LLC
Attorneys    for    the    Defendant    Texsport
Incorporated

/s/ Nicholas D. Harken_____
Nicholas D. Harken
Florida bar No. 1013522
12724 Gran Bay Parkway West, Suite 441
Jacksonville, FL 32258
Phone: 904-780-0100
Fax: 262-522-7020
nharken@mlllaw.com

**CONSENTS**

Defendant BPS Direct, LLC D/B/A Bass Pro Shops; by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C.A. §1446(b)(2)(A), confirms its consent to removal of this action.

_____/s/ John A. Rine_____

John A. Rine
Florida Bar Number 989400
Email: john.rine@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
karen.halsey@lewisbrisois.com
Taylor N. Caster
Florida Bar Number 124402
Email: taylor.kaufman@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Phone: 813.739.1900; Fax: 813.739.1919

*Attorneys for BPS Direct, LLC d/b/a Bass Pro Shop*

Defendant The Coleman Company, Inc. by its attorneys, Litchfield Cavo LLP, pursuant to 28 U.S.C.A. §1446(b)(2)(A), confirms its consent to removal of this action.

_____**/s/** A. Michael Perotti_____
A. Michael Perotti
Jennifer L. Marino
Litchfield Cavo LLP
4200 W. Cyrpress Street, Suite 450
Tampa, FL 33607
Phone: 813-289-0690
Perotti@LitchfieldCavo.com
Marino@LitchfieldCavo.com

*Attorneys for The Coleman Company, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to the below-listed counsel by e-mail

on October 3, 2022.

**ATTORNEY FOR PLAINTIFF:**
Harris I. Yegelwel, Esq.
Florida Bar No.: 124285
Morgan & Morgan, P.A.
20 N. Orange Avenue Suite 1600
Orlando, FL 32801
hyegelwel@forthpeople.com
secondary email:
jsamulonis@forthpeople.com

**ATTORNEY FOR THE COLEMAN COMPANY, INC.:**
A. Michael Perotti
Jennifer L. Marino
Litchfield Cavo LLP
4200 W. Cyrpress Street, Suite 450
Tampa, FL 33607
Phone: 813-289-0690
Perotti@LitchfieldCavo.com
Marino@LitchfieldCavo.com

**ATTORNEY FOR BPS DIRECT, LLC D/B/A BASS PRO SHOPS:**
John A. Rine
Lewis Brisbois Bisgaard & Smith LLP
Florida Bar Number 989400
Email: john.rine@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
karen.halsey@lewisbrisois.com
Taylor N. Caster
Florida Bar Number 124402
Email:
taylor.kaufman@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Phone: 813.739.1900; Fax:
813.739.1919

/s/ Nicholas D. Harken
Nicholas D. Harken

Case 8:22-cv-02259-VMC-JSS   Document 1   Filed 10/03/22   Page 8 of 99 PageID 8

EXHIBIT 1

## IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## GENERAL CIVIL DIVISION

**JENNY GARCIA BERRIOS AND**
**JORGE ANTONIO LOPEZ**
**MALDONADO**,

Case No.:

      Plaintiffs,

v.

**BPS DIRECT, LLC d/b/a BASS PRO**
**SHOPS; TEXSPORT**
**INCORPORATED; and THE**
**COLEMAN COMPANY, INC.**

      Defendant.

---

## COMPLAINT

---

Plaintiffs, JENNY GARCIA BERRIOS and JORGE ANTONIO LOPEZ MALDONADO,

individually, by and through the undersigned counsel, and hereby file their Complaint against the

Defendants, BPS DIRECT, LLC d/b/a BASS PRO SHOPS (hereinafter "BPS"), TEXSPORT INC.

(hereinafter "TEXSPORT"), and THE COLEMAN COMPANY, INC. (hereinafter

"COLEMAN") and allege as follows:

### THE PARTIES, JURISDICTION & VENUE

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND

DOLLARS ($30,000.00), exclusive of costs, interest, and attorneys' fees (the estimated value of

Plaintiffs' claim is in excess of the minimum jurisdictional threshold required by this Court). The

actual value of Plaintiffs claims will be determined by a fair and just jury in accordance with

Article 1, Section 21, Fla. Const.

2.      At all times material hereto, Plaintiff Jenny Garcia Berrios was and is a resident of Tampa Hillsborough County and is otherwise *sui juris*.

3.      At all times material hereto, Plaintiff Jorge Antonio Lopez Maldonado was and is a resident of Tampa Hillsborough County and is otherwise *sui juris*.

4.      At all times material hereto, Defendant BPS Direct, LLC d/b/a Bass Pro Shops, was and is a Delaware limited liability company, duly authorized to do business and is doing business in the State of Florida including operating the store located at 10501 Palm River Rd. Tampa, FL 33619. Defendant BPS may be served by serving its registered agent C T Corporation System at 1200 South Pine Island Road, Plantation, FL 33324.

5.      At all times material hereto, Defendant Texsport Incorporated, is Iowa corporation, with its principal place of business in Texas, duly authorized to do business and is doing business in the state of Florida. Defendant Texsport may be served by serving its registered agent Jamile A Ashmore at 11337 Quail Road Dallas, Texas 75238.

6.      At all times material hereto, Defendant, The Coleman Company, Inc., was and is a Delaware corporation, with its principal place of business in Illinois, but duly authorized and is doing business in the State of Florida. Defendant Coleman may be served by serving its registered agent Corporation Service Company 1201 Hays Street Tallahassee, FL 32301.

7.      Defendant BPS is in the business of importing, marketing, advertising, designing, manufacturing, and distributing outdoor products, including but not limited to, butane fuel gas canisters and portable stoves, such as the Texsport Model 14250 Portable Butane Stove – serial/lot # 01.907 (hereinafter "Subject Stove"), and Coleman Portable Butane Canister ("Subject Canister").

8.      Defendant Texsport Inc. is in the business of importing, marketing, advertising,

designing, manufacturing, and distributing outdoor and camping products, including but not limited to, portable stoves like the Subject Stove.

9.      Defendant The Coleman Company, Inc., is in the business of importing, marketing, advertising, designing, manufacturing, and distributing outdoor and camping products, including but not limited to, butane fuel gas canisters like the Subject Canister to consumers within the State of Florida and namely through Defendant BPS.

10.     This Court is authorized to exercise personal jurisdiction over BPS pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of BPS:

      a.      Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

      b.      Committing a tortious act within Florida; or

      c.      Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) BPS was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by BPS anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use;

      d.      Voluntary registering to do business in the state of Florida

11.     Court is authorized to exercise personal jurisdiction over BPS pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because BPS is engaged in substantial and not isolated activity within Florida.

12.     This Court is authorized to exercise personal jurisdiction over Texsport pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Texsport:

a.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

b.  Committing a tortious act within Florida; or

c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Texsport was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Texsport anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use;

13.    Court is authorized to exercise personal jurisdiction over Texsport pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Texsport is engaged in substantial and not isolated activity within Florida.

14.    This Court is authorized to exercise personal jurisdiction over Coleman pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the claims stated herein arise out of Coleman:

a.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

b.  Committing a tortious act within Florida; or

c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Coleman was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, or manufactured by Coleman anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use;

d.  Voluntary registering to do business in the state of Florida

15.    Court is authorized to exercise personal jurisdiction over Coleman pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Coleman is engaged in substantial and not isolated activity within Florida.

## FACTS

16.     Plaintiff Jenny Garcia Berrios is a self-employed individual who works with drywall with her husband, Plaintiff Jorge Antonio Lopez Maldonado living in Tampa Bay, Florida,

17.     In approximately 2019, Plaintiffs purchased the Subject Stove from BPS's store located at 10501 Palm River Rd., Tampa, FL 33619.

18.     In approximately early 2021, Plaintiffs had purchased a three pack of Coleman Portable Butane Style Canisters, including the Subject Canister in the incident from BPS's store located at 10501 Palm River Rd., Tampa, FL 33619.

19.     At all times material hereto, Plaintiffs had read the manuals of both the Subject Stove and Subject Canister prior to use.

20.     On or about May 31, 2021, Plaintiffs went on a boat trip to Treasure Island to enjoy a nice day at the beach and grill.

21.     Plaintiff Jorge Antonio Lopez Maldonado began to take the Subject Stove out of the box with instructions and pieces. He followed each step as indicated to be able to "build" the Subject Stove.

22.     Plaintiff Jorge Antonio Lopez Maldonado placed the Subject Canister in the compartment on the right side of the Subject Stove, in accordance with the manufacturers' warnings and instructions.

23.     Next, Plaintiff Jorge Antonio Lopez Maldonado placed a medium size pan with a bit of cooking oil on the stove and moved the Subject Stove's control knob on medium temperature and let it heat up for a couple of minutes.

24.     Plaintiff Jorge Antonio Lopez Maldonado then returned to the boat just a couple of feet away to gather additional items to set up for the beach day, while Plaintiff Jenny Garcia Berrios

was preparing to place seasoned fish filet (in another bowl) onto the pan.

25.    Approximately less than a minute later, while Plaintiff Jenny Garcia Berrios was merely a few feet away, suddenly, and without warning, the Subject Stove and Subject Canister exploded and engulfed Plaintiff Jenny Garcia Berrios in flames, before she even had a chance to put the fish filet on the pan.

26.    Plaintiff Jenny Garcia Berrios' legs were completely burnt, and three fingers on her right hand.

27.    Plaintiff Jorge Antonio Lopez Maldonado immediately drove his wife to the nearest emergency medical burn clinic at Tampa General Hospital.

28.    Plaintiff Jenny Garcia Berrios had to endure many painful debridement's of her wounds, which required both intravenous and oral pain medication to be completed.

29.    Due to the severity of her burns, Plaintiff Jenny Garcia Berrios was forced to undergo excisions and skin grafting on her legs.

30.    Plaintiff Jenny Garcia Berrios spent over two (2) weeks in the hospital undergoing treatment for her injuries as well as physical and occupational therapy.

31.    Plaintiff Jenny Garcia Berrios' burns remain unhealed, and she remains in constant, debilitating pain.

32.    At all times material hereto, Plaintiffs were using the Subject Stove according to the manufacturers' warnings and recommendations.

33.    At all times material hereto, Plaintiffs were using the Subject Canister according to the manufacturers' warnings and recommendations.

34.    The warnings or recommendations on Subject Stove were defective, insufficient, or misleading or, alternatively, not well drafted, making the joint use of the Subject Stove and the

Page **6** of 21

Subject Canister inherently dangerous and the proximate cause of the Plaintiff Jenny Garcia Berrios' injuries and Plaintiffs damages. In the alternative, the Subject Stove and/or the Subject Canister contains a design defect(s).

35.     The warnings or recommendations on the Subject Canister were defective, insufficient, or misleading or, alternatively, not well drafted, making the joint use of the Subject Canister and the Subject Stove inherently dangerous and the proximate cause of the Plaintiff Jenny Garcia Berrios' injuries and Plaintiffs damages. In the alternative, the Subject Stove and/or the Subject Canister contain a design defect(s).

36.     The design of the Subject Stove is unreasonably dangerous and creates a substantial risk to the consumer and the public when utilized in a foreseeable manner.

37.     The defective design of the Subject Stove manifests in a sudden and unexpected manner, without prior warnings to the consumer and others in its proximity.

38.     The design of the Subject Canister is unreasonably dangerous and creates a substantial risk to the consumer and to the public when utilized in a foreseeable manner.

39.     The defective design the Subject Canister manifests in a sudden and unexpected manner, without prior warnings to the consumer and others in its proximity.

40.     There are no warnings on the Subject Stove alerting consumers of the risk that it can explode while used in accordance with the manufacturers' warnings and recommendations.

41.     There are no warnings on the Subject Canister alerting consumers of the risk that it can explode while used in accordance with the manufacturers' warnings and recommendations.

42.     Had the Subject Stove contained adequate warnings, or had the Subject Stove been correctly designed or in a fashion consistent with industry standards, the explosion would not have occurred, and Plaintiff Jenny Garcia Berrios injuries and Plaintiffs damages would not have

occurred.

43.     Had the Subject Canister contained adequate warnings, or had the Subject Canister been correctly designed or in a fashion consistent with industry standards, the explosion would not have occurred, and Plaintiff Jenny Garcia Berrios injuries and Plaintiffs damages would not have occurred.

44.     Defendants BPS and Coleman failed to adequately warn the user(s), here, Plaintiffs, that the Subject Canister is more inherently dangerous than the user would expect.

45.     Defendant Texsport failed to adequately warn the user(s), here, Plaintiffs, that the Subject Stove is more inherently dangerous than the user would expect.

46.     The Subject Stove had not been altered since it was originally distributed and/or retailed by Defendants and ultimately purchased by Plaintiffs.

47.     The Subject Canister had not been altered since it was originally distributed by Defendants and ultimately purchased by Plaintiffs.

48.     As a result of the explosion, Plaintiff Jenny Garcia Berrios suffered damages in the form of, among others: (a) first, second and third degree burns to the right hand and lower extremities, requiring painful debridement and ultimately excision and grafting of undamaged skin to the burnt areas; (b) extreme pain and suffering; (c) thick scarring resulting in limited mobility; (d) loss of enjoyment of life; (e) lost income and lost earning capacity.

**CONDITIONS PRECEDENT**

49.     All conditions precedent have been performed or have been excused.

**COUNT I: NEGLIGENCE BPS DIRECT, LLC D/B/A BASS PRO SHOPS**

50.     Plaintiffs adopt and re-allege paragraphs one (1) through forty-nine (49) as if set forth fully herein.

51.     At all times material hereto, Defendant BPS was the retailer of the Subject Stove and Subject Canister.

52.     At all times material hereto, Defendant BPS owed a duty to the consuming public in general, and to Plaintiff Jenny Garcia Berrios, to exercise reasonable care to inspect and sell both products free from unreasonable risk of harm to owners and users, when said products are used in their intended manner.

53.     Defendant BPS also owed a duty to its customers, and specifically to Plaintiff Jenny Garcia Berrios, to exercise reasonable care in warning Jenny Garcia Berrios of the dangers of the Subject Stove and Subject Canister of which it knew, or should have known of, at the time the Subject Stove and Subject Canister left its control.

54.     Defendant BPS knew or should have known of the dangerous propensities of the Subject Stove to explode when used by the consumer to cook with the Subject Canister and had a duty to exercise reasonable care in warning foreseeable users of the dangerous propensities of the Subject Stove and Subject Canister.

55.     The dangerous propensities of the Subject Stove and Subject Canister existed at the time it was sold by Defendant BPS and continued to exist up to and including the time of the occurrence complained of herein.

56.     Defendant BPS sold the Subject Stove that had the dangerous propensity of exploding when used by the consumer to cook with the Subject Canister and failed to add a warning of this dangerous propensity.

57.     At all times material hereto, there was no substantial change to the Subject Stove or Subject Canister since it left the possession and control of Defendant BPS.

58.     The Subject Stove and Subject Canister were used in the manner they were intended

Page **9** of 21

to be used and, in a manner, reasonably foreseeable by Defendant BPS; namely, Plaintiffs used the Subject Stove, together with the Subject Canister and a medium sized cooking pan, to cook a meal for their family.

59.     Defendant BPS negligently sold the Subject Stove and Subject Canister in defective and unreasonably dangerous conditions at the time that they were placed in the stream of commerce.

60.     Defendant BPS knew or should have known of the dangerous and defective design of the Subject Stove and Subject Canister, including the possibility that it would explode when used by the consumer to cook.

61.     Plaintiffs relied upon Defendant BPS's labeling (or lack thereof) when they purchased the Subject Stove and Subject Canister from Defendant BPS.

62.     Defendant BPS's breach of its duty of care caused personal injuries and damages to Plaintiffs, while using the Subject Stove and Subject Canister in a reasonably foreseeable manner, thereby rendering it defective, unsafe, and dangerous for use by consumers.

63.     Defendant BPS breached its duty of care by:

a.  Selling the Subject Stove despite the lack of a warning on either the product or its label, and despite the foreseeable dangers associated when used without said warnings.
b.  Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided that the Subject Stove, when used as intended, was extremely dangerous and could explode.
c.  Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided precautionary warnings of the propensity to explode.
d.  Selling the Subject Canister despite the lack of a warning of its dangerous propensity on either the product or its label, and despite the foreseeable dangers associated when used without said warnings.
e.  Selling the Subject Canister despite the fact that its warning label does not comply with the reporting requirements under the Consumer Product Safety Commission ("CPSC") and therefore, violates the Federal Hazardous Substances Act ("FHSA").

Page **10** of **21**

64. Defendant BPS's breach of its duty of care was the direct and proximate cause of the severe injuries sustained by Plaintiff Jenny Garcia Berrios and Plaintiffs damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant BPS, together with all costs of this action, and such other additional relief as this court may deem proper.

## COUNT II: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

65. Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein.

66. Defendant BPS is a merchant of many household products, including portable butane gas stoves and portable butane canisters.

67. At all times material hereto, Defendant BPS impliedly warranted that the Subject Stove and Subject Canister were of merchantable quality.

68. At all times relevant to this action, the Subject Stove and Subject Canister were not merchantable, and therefore, Defendant BPS breached its aforesaid warranty by, inter alia:

    a. Selling the Subject Stove and Subject Canister, which was completely devoid of any warning as to the hazards of its use, as well as the hazards of the Subject Stove when used with the Subject Canister;

    b. By virtue of the fact that the Subject Stove and Subject Canister exploded while being used in its intended and in a reasonably foreseeable fashion; and

    c. The Subject Stove and Subject Canister were not of merchantable quality, as warranted by Defendant BPS, in that it was defectively designed, manufactured, and sold, thereby dangerously exposing the users of the Subject Stove and Subject Canister, and those in the near vicinity, to serious injury.

69. Plaintiffs reasonably relied on Defendant BPS's representations that the Subject Stove and Subject Canister were safe and free of defects, and a safe means of meal preparation.

70. As a direct and proximate result of Defendant BPS's breach of the implied warranty of merchantability, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and

Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demands judgment for damages against Defendant BPS, together with all costs of this action, and such other additional relief as this court may deem proper.

### COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

71.     Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein.

72.     Defendant BPS impliedly warranted to members of the public, including Plaintiffs, that the Subject Stove was fit for its particular purpose, namely, for the purpose of food preparation, and that the Subject Canister was fit for its particular purpose, namely, for the purpose of providing an initiation/fuel source for the Subject Stove for food preparation.

73.     Plaintiffs relied on Defendant BPS's skill and judgment to furnish the Subject Stove and Subject Canister as fit for its particular purpose.

74.     The Subject Stove and Subject Canister were not fit for their particular purpose, because they had a propensity to explode while used in their intended manner, and lead to the serious injuries described herein.

75.     The Subject Stove and Subject Canister were not safe for their intended use, in that they were defectively designed, manufactured, and sold, thereby dangerously exposing the users of the Subject Stove and Subject Canister, as well as those around the product, to serious injury.

76.     Plaintiffs reasonably relied on Defendant BPS's representation that the Subject Stove and Subject Canister were safe and free of defects, and a safe means of food preparation.

77.     As a direct and proximate result of Defendant BPS's breach of the implied warranty of fitness for a particular purpose, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant BPS, together with all costs of this action, and such other additional relief as this court may deem proper.

## COUNT III: STRICT LIABILITY AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

78.    Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-four (44) as if set forth fully herein.

79.    At all times material hereto, Defendant BPS sold the Subject Stove and Subject Canister to Plaintiffs in its ordinary course of business.

80.    Defendant BPS sold the Subject Stove and Subject Canister in defective and unreasonably dangerous condition.

81.    The Subject Stove was defective in that it had a propensity to explode while used in its intended manner. This is a dangerous propensity for a portable butane gas stove, which was designed to be used for cooking with butane gas canisters like the Subject Canister. Similarly, the Subject Canister had a propensity to fail while being used to heat food for the Subject Stove while used in its intended manner.

82.    Said dangerous condition existed at the time the Subject Stove and Subject Canister were sold by Defendant BPS and continued to exist up to and including the time of the occurrence complained of herein.

83.    Plaintiffs used the Subject Stove and Subject Canister in the manner that was intended and expected by Defendant BPS.

84.    Defendant BPS's failure to adequately warn of the defective and unreasonably dangerous condition of the Subject Stove and Subject Canister was the direct and proximate cause of the severe injuries and damages sustained by Plaintiffs.

85.    Additionally, the Subject Canister's warning label does not comply with the

reporting requirements under the Consumer Product Safety Commission ("CPSC") and is therefore in violation of the Federal Hazardous Substances Act ("FHSA").

86.    As a direct and proximate cause of Defendant BPS selling the unreasonably dangerous Subject Stove and Subject Canister, Defendant BPS is strictly liable to Plaintiffs.

87.    As a direct and proximate cause of Defendant BPS selling the unreasonably dangerous Subject Stove and Subject Canister, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant BPS, together with all costs of this action, and such other additional relief as this court may deem proper.

### COUNT IV: NEGLIGENCE AGAINST THE COLEMAN COMPANY, INC.

88.    Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein.

89.    At all times material hereto, Defendant Coleman distributed the Subject Canister in its ordinary course of business.

90.    At all times material hereto, Defendant Coleman owed a duty to the consuming public in general, and to Plaintiffs in particular, to exercise reasonable care to manufacture, design, import, and sell a product free from unreasonable risk of harm when used in its intended manner.

91.    At all times material hereto, Defendant Coleman owed a duty to its customers, and specifically to Plaintiffs, to exercise reasonable care in warning them of the dangers of the Subject Canister of which it knew, or should have known of, at the time the Subject Canister left Coleman's control.

92.    Defendant Coleman negligently placed the Subject Canister into the stream of commerce in a defective and unreasonably dangerous condition.

93.    Defendant Coleman knew or should have known of the dangerous and defective condition of the Subject Canister, including the possibility that it would explode when used by consumers like Plaintiffs to cook with the Subject Stove and had a duty to exercise reasonable care in warning foreseeable users of the dangerous propensities of the Subject Canister.

94.    The dangerous propensities of the Subject Canister existed at the time it was distributed by Defendant Coleman and continued to exist up to and including the time of the occurrence complained of herein.

95.    Defendant Coleman distributed the Subject Canister that had the dangerous propensity of exploding when used by the consumer to cook with the Subject Stove and failed to add a warning of this dangerous propensity.

96.    Plaintiffs relied upon Defendant Coleman's labeling (or lack thereof) when they purchased the Subject Canister.

97.    The Subject Canister was used in the manner it was intended to be used and, in a manner, reasonably foreseeable by Defendant Coleman; namely, Plaintiffs used the Subject Canister, together with the Subject Stove and a medium size pan, to prepare a meal for their family.

98.    At all times material hereto, there was no substantial change to the Subject Canister since it left the possession and control of Defendant Coleman.

99.    Defendant Coleman breached its duty of care by placing the Subject Canister, which was defective and posed an unreasonable risk of harm to consumers, into the stream of commerce by:

   a. Selling the Subject Canister despite the lack of a warning of its dangerous propensity on either the product or its label, and despite the foreseeable dangers associated when used without said warnings.
   b. Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided that the Subject Canister, when used as intended, was extremely dangerous and could explode.

Page **15** of **21**

   c. Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided precautionary warnings of the propensity to explode.

100. As a direct and proximate result of Defendant Coleman's breach of its duty of care, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

  WHEREFORE, Plaintiffs demands judgment for damages against Defendant COLEMAN, together with all costs of this action, and such other additional relief as this court may deem proper.

### COUNT V: STRICT LIABILITY AGAINST THE COLEMAN COMPANY, INC.

101. Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-four (44) as if set forth fully herein.

102. At all times material hereto, Defendant Coleman distributed the Subject Canister in its ordinary course of business.

103. Defendant Coleman placed the Subject Canister into the stream of commerce in a defective and unreasonably dangerous condition.

104. The Subject Canister was defective in that it had a propensity to explode while used in its intended manner. This is a dangerous propensity for a butane gas canister, which was designed to be used to fuel portable butane gas stoves.

105. Said dangerous condition existed at the time the Subject Canister was distributed by Defendant Coleman and continued to exist up to and including the time of the occurrence complained of herein.

106. Plaintiffs used the Subject Canister in the manner that was intended and expected by Defendant Coleman.

107. Additionally, the Subject Canister's warning label does not comply with the

reporting requirements under the Consumer Product Safety Commission ("CPSC") and is therefore in violation of the Federal Hazardous Substances Act ("FHSA").

108.    As a direct and proximate cause of Defendant Coleman's failure to adequately warn of the defective and unreasonably dangerous condition of the Subject Canister, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

109.    As a direct and proximate cause of Defendant Coleman placing the unreasonably dangerous Subject Canister into the stream of commerce, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

110.    As a direct and proximate cause of Defendant Coleman placing the unreasonably dangerous Subject Canister into the stream of commerce, Defendant Coleman is strictly liable for Plaintiff Jenny Garcia Berrios injuries and Plaintiffs sustained damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant Coleman, together with all costs of this action, and such other additional relief as this court may deem proper.

## COUNT VI: NEGLIGENCE AGAINST TEXSPORT INC.

111.    Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein.

112.    At all times material hereto, Defendant Texsport distributed the Subject Stove in its ordinary course of business.

113.    At all times material hereto, Defendant Texsport owed a duty to the consuming public in general, and to Plaintiffs in particular, to exercise reasonable care to manufacture, design, import, and sell the Subject Stove free from unreasonable risk of harm when used in its intended manner.

114.    At all times material hereto, Defendant Texsport owed a duty to its customers, and

specifically to Plaintiffs, to exercise reasonable care in warning them of the dangers of the Subject Stove of which it knew, or should have known of, at the time the Subject Stove left Texsport's control.

115.   Defendant Texsport negligently placed the Subject Stove into the stream of commerce in a defective and unreasonably dangerous condition.

116.   Defendant Texsport knew or should have known of the dangerous and defective condition of the Subject Stove, including the possibility that it would explode when used by consumers like Plaintiffs to cook with the Subject Canister and had a duty to exercise reasonable care in warning foreseeable users of the dangerous propensities of the Subject Stove.

117.   The dangerous propensities of the Subject Stove existed at the time it was distributed by Defendant Texsport and continued to exist up to and including the time of the occurrence complained of herein.

118.   Defendant Texsport placed the Subject Stove into the stream of commerce with the dangerous propensity of exploding when used by the consumer to cook with the Subject Stove and failed to add a warning of this dangerous propensity.

119.   Plaintiffs relied upon Defendant Texsport's labeling (or lack thereof) when they purchased the Subject Stove.

120.   The Subject Stove was used in the manner it was intended to be used and, in a manner, reasonably foreseeable by Defendant Texsport; namely, Plaintiffs used the Subject Stove, together with the Subject Canister and a medium size pan, to prepare a meal for their family.

121.   At all times material hereto, there was no substantial change to the Subject Stove since it left the possession and control of Defendant Texsport.

122.   Defendant Texsport breached its duty of care by placing the Subject Stove, which

was defective and posed an unreasonable risk of harm to consumers, into the stream of commerce by:

      a.  Selling the Subject Stove despite the lack of a warning of its dangerous propensity on either the product or its label, and despite the foreseeable dangers associated when used without said warnings.

      b.  Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided that the Subject Stove, when used as intended, was extremely dangerous and could explode.

      c.  Failing to ensure that a warning label was affixed to the product itself or its label or packaging, that provided precautionary warnings of the propensity to explode.

123.    As a direct and proximate result of Defendant Texsport's breach of its duty of care, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

WHEREFORE, Plaintiffs demands judgment for damages against Defendant Texsport, together with all costs of this action, and such other additional relief as this court may deem proper.

## COUNT VII: STRICT LIABILITY AGAINST TEXSPORT, INC.

124.    Plaintiffs re-allege and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein.

125.    At all times material hereto, Defendant Texsport placed the Subject Stove into the stream of commerce.

126.    Defendant Texsport placed the Subject Stove into the stream of commerce in a defective and unreasonably dangerous condition.

127.    The Subject Stove was defective in that it had a propensity to explode while used in its intended manner. This is a dangerous propensity for a portable butane stove, which was designed to be used fueled by a portable butane canister or cylinder.

128.    Said dangerous condition existed at the time the Subject Stove was placed into the

stream of commerce by Defendant Texsport and continued to exist up to and including the time of the occurrence complained of herein.

129.    Plaintiffs used the Subject Stove in the manner that was intended and expected by Defendant Texsport.

130.    Additionally, the Subject Stove's warning label does not comply with the reporting requirements under the Consumer Product Safety Commission ("CPSC") and is therefore in violation of the Federal Hazardous Substances Act ("FHSA").

131.    As a direct and proximate cause of Defendant Texsport's failure to adequately warn of the defective and unreasonably dangerous condition of the Subject Stove, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

132.    As a direct and proximate cause of Defendant Texsport placing the unreasonably dangerous Subject Stove into the stream of commerce, Plaintiff Jenny Garcia Berrios sustained severe and permanent injuries and Plaintiffs sustained damages.

133.    As a direct and proximate cause of Defendant Texsport placing the unreasonably dangerous Subject Stove into the stream of commerce, Defendant Texsport is strictly liable for Plaintiff Jenny Garcia Berrios' injuries and Plaintiffs sustained damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant Texsport, together with all costs of this action, and such other additional relief as this court may deem proper.

### COUNT VIII: LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

134.    Plaintiff Jorge Antonio Lopez Maldonado re-alleges and reaffirm paragraphs one (1) through forty-nine (49) as if set forth fully herein, and further states:

135.    At the time of the subject accident, Plaintiffs Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado were married and continue to be married.

136.    As a direct and proximate result of the severe and permanent injuries sustained by his wife, Jenny Garcia Berrios, Plaintiff Jorge Antonio Lopez Maldonado sustained, and will sustain in the future, the loss of his wife's services, conform, companionship and society.

WHEREFORE, Plaintiff Jorge Antonio Lopez Maldonado demands judgment for damages against Defendants, together with all costs of this action, and such other additional relief as this court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, hereby demands a trial by jury on all issues so triable.

Dated: July 13, 2022                    Respectfully Submitted,

 _/s/ Harris I. Yegelwel_
**HARRIS I. YEGELWEL, ESQUIRE**
Florida Bar No. : 124285
Morgan & Morgan, P.A.
20 N. Orange Avenue Suite 1600
Orlando, FL 32801
Telephone: (407) 418-2081
Facsimile: (407) 245-3392
Primary email: hyegelwel@forthepeople.com
Secondary email: jsamulonis@forthepeople.com

Case 8:22-cv-02259-VMC-JSS   Document 1   Filed 10/03/22   Page 29 of 99 PageID 29

**EXHIBIT 2**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>Jenny Garcia Berrios, Jorge Antonio Lopez Maldonado</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>BPS Direct, LLC d/b/a Bass Pro Shops, Texsport Incorporated, The Coleman Complany, Inc.</u>
 Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most
definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☒ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☐ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>8</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Harris I. Yegelwel</u>        Fla. Bar # <u>124285</u>
      Attorney or party                  (Bar # if attorney)

<u>Harris I. Yegelwel    </u>        <u>07/13/2022</u>
  (type or print name)            Date

- 3 -

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND JORGE

ANTONIO LOPEZ MALDONADO,

Plaintiff(s)/Petitioner(s)

vs

BPS DIRECT, LLC d/b/a BASS PRO SHOPS;

TEXSPORT INCORPORATED; et al.

Defendant(s)/Respondent(s)

Case Number: _____

Division: _____

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Harris I Yegelwel, Esq.

Address: 20 N Orange Ave, Suite 1600

Orlando, Florida 32801

Phone Number: 407-418-2081

Email Address(es): hyegelwel@forthepeople.com; jsamulonis@forthepeople.com

Case 8:22-cv-02259-VMC-JSS   Document 1   Filed 10/03/22   Page 33 of 99 PageID 33

IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

                                    Case No.:   22-CA-5892    DIV H

        Plaintiffs,

v.

BPS DIRECT, LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

        Defendant.

---

## SUMMONS

---

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

**BPS Direct, LLC d/b/a Bass Pro Shops**
**c/o Registered Agent: C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

        Each Defendant is hereby required to serve written defenses to said Complaint or Petition on HARRIS I. YEGELWEL, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court & Comptroller's Office ADA Coordinator 800 E. Twiggs Street Tampa, FL 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the ___13th___ day of
___July___, _2022_     CYNDY STUART
                       Clerk of the Circuit Court

By ____VPhillips____
        As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

**IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION**

**JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO**,

      Plaintiffs,

v.

**BPS DIRECT, LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.**

      Defendant.

Case No.:  **22-CA-5892**     **DIV H**

---

## SUMMONS

---

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

**The Coleman Company, Inc.
c/o Registered Agent: Corporation Service Company
1201 Hays Street, Tallahassee, Florida 32301**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on HARRIS I. YEGELWEL, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

      If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court & Comptroller's Office ADA Coordinator 800 E. Twiggs Street Tampa, FL 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

      WITNESS my hand and the seal of this Court on this the ___13th___ day of ____July____, _2022_

CINDY STUART
Clerk of the Circuit Court

By _____
      As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

## IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## GENERAL CIVIL DIVISION

**JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO**,

        Plaintiffs,

v.

**BPS DIRECT, LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.**

        Defendant.

Case No.:   **22-CA-5892   DIV H**

---

## <u>SUMMONS</u>

---

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

              **Texsport Incorporated**
           **c/o Registered Agent: Jamile A. Ashmore**
           **11337 Quail Road, Dallas, Texas 75238**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on HARRIS I. YEGELWEL, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

22-CA-5892   DIV H

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

  If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court & Comptroller's Office ADA Coordinator 800 E. Twiggs Street Tampa, FL 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

  WITNESS my hand and the seal of this Court on this the ___13th___ day of _____July_____, _2022_

            CINDY STUART
            Clerk of the Circuit Court

            By_____VPhillips_____
               As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS; JORGE ANTONIO LOPEZ MALDONADO

     Plaintiffs,

v.

BPS DIRECT, LLC; TEXSPORT INCORPORATED; THE COLEMAN COMPLANY, INC.

     Defendants.

Case Number: 22-CA-005892
Division H

_____

## DIFFERENTIATED CASE MANAGEMENT ORDER &
## NOTICE OF CASE MANAGEMENT HEARING
## ON 2/22/2023 AT 10:00 AM
## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)


     THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

     Accordingly, it is now

     **FOUND, ORDERED,** and **ADJUDGED** that:

1.  **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2.  **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

     Filed 7/13/2022 3:32:53 PM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.**  The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.**  Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

    a.      Filing a motion and setting it for hearing; or

    b.      Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order.  The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**").  Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.**  Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).  A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.**  It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

    a.  **Date and Time for Court-Ordered Case Management Set Below.**  A date and time for the Court-Ordered Case Management Conference is set below.

    b.  **Method of Conducting Court-Ordered Case Management Conference:**  The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

    **WebEx (904) 900-2303 Access Code 132 668 1405**

    c.  **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

   i. **Automatic Excusal.**

      1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

      2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

   ii. **Discretionary Excusal.**

      1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

         a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

         b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.** The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).** Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

      <u>Certificate of Conferral Prior to Filing</u>

      ***"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by*** <u>*[date and method of communication (select one of the following: in person, telephone, or video conference)]*</u> ***with the opposing party or counsel and*** <u>*[the opposing party or*</u>

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

Filed 7/13/2022 3:32:53 PM Hillsborough County Clerk of the Circuit Court

  iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

  v. It is the responsibility of counsel to select experts who:

    1. Are prepared to make themselves available for deposition within the expert discovery period; and

    2. Are prepared to respond promptly to requests for deposition dates.

  vi. If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 07/13/2022 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 11/10/2022 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 12/12/2022 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 1/9/2023 |
| **Court-Ordered Case Management Conference.**<br>NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 02/22/2023<br>At<br>10:00 AM |

Filed 7/13/2022 3:32:53 PM Hillsborough County Clerk of the Circuit Court

| | |
|---|---|
| **Deadline for completion of fact discovery.**<br>[270 days after filing of complaint.] | 4/10/2023 |
| **Deadline for filing motion to compel   discovery.**<br>[284 days after filing of complaint.] | 4/24/2023 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 5/9/2023 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 6/8/2023 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 6/22/2023 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 8/7/2023 |
| **Deadline for completion of mediation or non-binding arbitration.**<br>[420 days after filing of complaint.] | 9/6/2023 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 9/6/2023 |
| **Month and year of the projected trial term.**<br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | January, 2024 |

ENTERED by the undersigned judge on the date imprinted below.

22-CA-006022 7/13/2022 3:32:45 PM

Circuit Judge

Filed 7/13/2022 3:32:53 PM Hillsborough County Clerk of the Circuit Court

22-CA-005892 7/13/2022 3:32:45 PM

Case 8:22-cv-02259-VMC-JSS   Document 1   Filed 10/03/22   Page 53 of 99 PageID 53

## RETURN OF SERVICE

State of Florida          County of Hillsborough          Circuit Court

Case Number: 22-CA-5892

Plaintiff:
**Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado**

vs.

Defendant:
**BPS Direct, LLC d/b/a Bass Pro Shops; Texsport Incorporated; and The Coleman Company, Inc.**

For:
Harris I. Yegelwel
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 15th day of July, 2022 at 2:59 pm to be served on **The Coleman Company, Inc. c/o R/A Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301**.

I, Christopher Compton, do hereby affirm that on the **18th day of July, 2022** at **11:20 am**, I:

SERVED the within named corporation by delivering a true copy of the Summons; Complaint; Civil Cover Sheet; Request for Division Assignment with the date and hour of service endorsed thereon by me to: MONA LISA HART as employee of the Registered Agent (Company) for The Coleman Company, Inc. at 1201 Hays Street, Tallahassee, FL 32301 and informed said person of the contents therein, pursuant to F.S. 48.081

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Second Judicial Circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing documents and that the facts stated in it are true. Notary not required pursuant to FL Statute 92.525 Sec (2).

 

Christopher Compton
Certified Process Server # 101

**Aallen Bryant & Associates, Inc.**
**P.O. Box 3828**
**Orlando, FL 32802-3828**
**(407) 872-0560**

Our Job Serial Number: LAB-2022009459
Ref: 11762721

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1t



Filing # 153251731 E-Filed 07/13/2022 01:24:25 PM

**IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION**

**JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,**

       Plaintiffs,

     Case No.:   **22-CA-5892      DIV H**

v.

**BPS DIRECT, LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.**

Date: 7/18/22
Time: 11:20 AM
Initials: CMC- CPS#101

       Defendant.

---

**<u>SUMMONS</u>**

---

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

**The Coleman Company, Inc.
c/o Registered Agent: Corporation Service Company
1201 Hays Street, Tallahassee, Florida 32301**

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on HARRIS I. YEGELWEL, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Hillsborough** | **Circuit Court** |

Case Number: 22-CA-5892

Plaintiff:
**Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado**

vs.

Defendant:
**BPS Direct, LLC d/b/a Bass Pro Shops; Texsport Incorporated; and The Coleman Company, Inc.**

||||||| **LAB2022009460**

For:
Harris I. Yegelwel
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 15th day of July, 2022 at 2:59 pm to be served on **BPS Direct, LLC d/b/a Bass Pro Shops c/o R/A CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

I, Eric Deal, do hereby affirm that on the **19th day of July, 2022** at **2:30 pm, I:**

SERVED the within name Limited Liability Company by delivering a true copy of the Summons; Complaint; Civil Cover Sheet; Request for Division Assignment with the date and hour of service endorsed thereon by me to:Monicka Creary as employee of the Registered Agent (Company) for BPS Direct, LLC d/b/a Bass Pro Shops at 1200 South Pine Island Rd, Plantation, FL 33324 during regular business hours and informed said person of the contents therein- in accordance with Fl. Statute 48.062 (1)

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true and correct, that I am a Sheriff's Appointed process server in the county in which service was effected in accordance with Florida Statutes and I have no interest in the above action.

**Eric Deal**
SPS 336

**Aallen Bryant & Associates, Inc.**
P.O. Box 3828
Orlando, FL 32802
**(407) 872-0560**

Our Job Serial Number: LAB-2022009460
Ref: 11762721

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2f

Filing # 153251731 E-Filed 07/13/2022 01:24:25 PM

IN THE COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

**JENNY GARCIA BERRIOS AND**
**JORGE ANTONIO LOPEZ**
**MALDONADO,**

        Plaintiffs,

Case No.:    22-CA-5892    DIV H

v.

**BPS DIRECT, LLC d/b/a BASS PRO**
**SHOPS; TEXSPORT**
**INCORPORATED; and THE**
**COLEMAN COMPANY, INC.**

        Defendant.

Date: 7-19-22  Time: 2:30 pm

Eric Deal          S.P.S. 336

---

## <u>SUMMONS</u>

---

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

**BPS Direct, LLC d/b/a Bass Pro Shops**
**c/o Registered Agent: C T Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on HARRIS I. YEGELWEL, ESQUIRE, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

22-CA-5892    DIV H

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court & Comptroller's Office ADA Coordinator 800 E. Twiggs Street Tampa, FL 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the ___13th___ day of ___July___, ___2022___.

CYNDY STUART
Clerk of the Circuit Court

By___V Phillips_____
As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du

nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO, FLORIDA 32802-4979**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JENNY GARCIA BERRIOS and JORGE            Case No. 22-CA-005892
ANTONIO LOPEZ MALDONADO,                  Division H
     Plaintiffs,
v.

BPS DIRECT, LLC d/b/a Bass Pro Shops;
TEXSPORT INCORPORATED; and THE
COLEMAN COMPANY, INC.,
     Defendants.
_____/

### DEFENDANT BPS DIRECT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant BPS DIRECT, LLC, through undersigned counsel, answers the Complaint in correspondingly numbered paragraphs as follows:

1.     Denied.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Without knowledge and therefore denied.

6.     Without knowledge and therefore denied.

7.     Denied.

8.     Without knowledge and therefore denied.

9.     Without knowledge and therefore denied.

10.     Denied.

11.     Denied.

12.     Without knowledge and therefore denied.

13.     Without knowledge and therefore denied.

14.     Without knowledge and therefore denied.

15.     Without knowledge and therefore denied.

16.     Admitted.

17.     Without knowledge and therefore denied.

18.     Without knowledge and therefore denied.

19.     Without knowledge and therefore denied.

20.     Without knowledge and therefore denied.

21.     Without knowledge and therefore denied.

22.     Without knowledge and therefore denied.

23.     Without knowledge and therefore denied.

24.     Without knowledge and therefore denied.

25.     Without knowledge and therefore denied.

26.     Without knowledge and therefore denied.

27.     Without knowledge and therefore denied.

28.     Without knowledge and therefore denied.

29.     Without knowledge and therefore denied.

30.     Without knowledge and therefore denied.

31.     Without knowledge and therefore denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

### COUNT I - BPS

50.     All allegations not specifically admitted are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

### COUNT II – BPS

65.     All allegations not specifically admitted are denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

### COUNT III – BPS

71.     All allegations not specifically admitted are denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

### COUNT III – BPS

78.     All allegations not specifically admitted are denied.

79.     Without knowledge and therefore denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

### COUNT IV – COLEMAN

88.     All allegations not specifically admitted are denied.

89.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

90.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

91.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

92.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

93.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

94.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

95.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

96.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

97.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

98.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

99.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

100.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

**COUNT V – COLEMAN**

101.     All allegations not specifically admitted are denied.

102.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

103.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

104.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

105.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

106.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

107.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

108.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

109.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

110.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

### COUNT VI – TEXSPORT

111.     All allegations not specifically admitted are denied.

112.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

113.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

114.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

115.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

116.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

117.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

118.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

119.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

120.     The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

121.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

122.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

123.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

**COUNT VII – TEXSPORT**

124.    All allegations not specifically admitted are denied.

125.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

126.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

127.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

128.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

129.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

130.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

131.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

132.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

133.    The allegations contained in this count do not apply to this Defendant.  To the extent a response is required, the allegations are denied.

### COUNT VII – ALL DEFENDANTS

134.    All allegations not specifically admitted are denied.

135.    Without knowledge and therefore denied.

136.    Denied.

### <u>AFFIRMATIVE DEFENSES</u>

***<u>First Affirmative Defense</u>***.  The Complaint fails to state a claim upon which relief can be granted against Defendant.

***<u>Second Affirmative Defense</u>***.  Plaintiffs' claims are barred because the alleged dangers of which he complains are open and obvious such that Plaintiffs necessarily appreciated the risk and proceeded with his course of action anyway.

***<u>Third Affirmative Defense</u>***.   Plaintiffs' claims should be barred or his recovery reduced under the doctrine of comparative negligence. While Defendant's investigation is ongoing, the injuries and damages allegedly sustained by Plaintiffs may have been the proximate result of one or more of the following negligent acts and omissions on the part of Plaintiffs or others:

     a.    Failure to heed and follow instructions, directions or warnings supplied, provided or otherwise communicated or made known or available to Plaintiffs or others during the course and usage of the product in question;

     b.    Use of the product in a manner contrary to that for which it was suitable, designed or intended; and

Use of the product for a purpose and/or with the intent contrary to that for which it was suitable, designed and/or intended.

**_Fourth Affirmative Defense_**.  Plaintiffs' comparative negligence is so extensive as to sever any causal connection between any possible defects in the subject product and Plaintiffs' claimed injuries.

**_Fifth Affirmative Defense_**.  Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate damages.

**_Sixth Affirmative Defense_**.  Plaintiffs' alleged damages and/or injuries were proximately caused by the actions and/or admissions of a third party who is not a party to this action, who is at fault and should be placed on the verdict form for apportionment of fault by the jury in this matter, as required by Florida Statutes Section 768.81 and pursuant to Florida Supreme Court decision, _Fabre v. Marin,_ 623 So.2d 1182 (Fla. 1993).  Alternatively, to the extent Defendant's employee or agent engaged in the alleged unlawful acts, such acts occurred outside the scope of employment.

**_Seventh Affirmative Defense_**.  The Complaint is barred, in whole or in part, due to the acts or omissions of other persons or entities over which Defendant has no control or responsibility.  Pursuant to _Fabre v. Marin_, 623 So. 2d 1182 (Fla. 1993), its progeny, and Florida Statutes § 768.81, Defendant is entitled to ascribe fault to persons or entities not parties to this action that proximately caused or contributed to Plaintiff's alleged injuries and damages.  Defendant reserves the right to amend this defense to identify such persons or entities as their identities and roles are discovered.

**_Eighth Affirmative Defense_**.  No act or omission on the part of Defendant caused or contributed to Plaintiff's injuries.

**_Ninth  Affirmative  Defense_**.   Plaintiffs  have  received  payments  and  reimbursement  from collateral sources as defined by applicable Florida law and Florida Statutes §768.76, and Defendant is entitled to a setoff or deduction equal to the value of all benefits received by Plaintiffs from any such collateral sources.

**_Tenth Affirmative Defense_**.  Plaintiffs failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually

related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; if Plaintiffs had health insurance and treated under a Letter of Protection which is void against public policy, then Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and <u>Marion v. Orlando</u>, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009);  If Plaintiff is a Medicare beneficiary, then Defendant is entitled to a write-down or setoff under the Medicare fee schedule.

*<u>**Eleventh Affirmative Defense**</u>*.  Defendant is entitled to an apportionment of damages and attribution of comparative fault in accordance with the principles and provisions of Florida Statute § 768.81.

*<u>**Twelfth Affirmative Defense**</u>*.  To the extent that Plaintiffs have received payment, benefits, or reimbursement from collateral sources as defined by applicable Florida law, including Florida Statutes §768.76, Defendant is entitled to a setoff or reduction equal to the value of all such benefits.

*<u>**Thirteenth Affirmative Defense**</u>*.  Plaintiffs' damages, if any, were the result of a superseding and intervening event that was unrelated to any alleged act or omission of Defendant.

*<u>**Fourteenth Affirmative Defense**</u>*.  The subject product conformed to the state of the art at the time of sale and was designed, manufactured, tested, and labeled pursuant to generally recognized and prevailing standards and in conformance with the statutes, regulations, and requirements that governed the product at the time of design, manufacture and sale.

*<u>**Fifteenth Affirmative Defense**</u>*.  Plaintiffs' alleged damages or injuries were the result of preexisting or congenital problems or conditions unrelated to the alleged incident described in the Complaint.

*<u>**Sixteenth Affirmative Defense**</u>*.  Plaintiffs may not recover any damages to the extent the conditions of Florida Statutes Section 768.36 are satisfied.

***Seventeenth Affirmative Defense***.  Plaintiff's damages, if any, were caused by the abnormal use or misuse of the product in a manner not reasonably foreseeable or contrary to instructions or warnings, of which Plaintiff either knew or should have known, thereby barring recovery from Defendant.

***Eighteenth Affirmative Defense***.  The express instructions or warnings appearing on or attached to the product or on its original container or wrapping were adequate and sufficient.

***Nineteenth Affirmative Defense***.  The Complaint is barred in whole or in part to the extent that the subject product was materially altered or modified prior to use.

***Twentieth Affirmative Defense***.  The Complaint is barred in whole or in part by the doctrine of spoliation as Plaintiff voluntarily threw away the subject product.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendant reserves the right to raise additional affirmative defenses as they are presented in the future and throughout the course of discovery.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP


***s/John A. Rine***
JOHN A. RINE
Florida Bar Number 989400
Email: john.rine@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
karen.halsey@lewisbrisois.com
TAYLOR N. CASTER
Florida Bar Number 124402
Email: taylor.kaufman@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Phone: 813.739.1900; Fax: 813.739.1919
Attorneys for BPS Direct

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5<u>th</u> day of <u>August, 2022</u>, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-filing Portal, which will send a Notice of Service of Court Documents to **Harris I. Yegelwel, Esq.,** Morgan & Morgan, at the following designated email addresses:  hyegelwel@forthepeople.com; jsamulonis@forthepeople.com.

*s/John A. Rine*
Attorney

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JENNY GARCIA BERRIOS and JORGE
ANTONIO LOPEZ MALDONADO,
      Plaintiffs,

v.

BPS DIRECT, LLC d/b/a Bass Pro Shops;
TEXSPORT INCORPORATED; and THE
COLEMAN COMPANY, INC.,
      Defendants.
_____/

Case No. 22-CA-005892
Division H

## <u>DESIGNATION OF EMAIL ADDRESSES</u>

Counsel for Defendant BPS DIRECT, LLC, hereby designate the following email addresses for service of court documents pursuant to Rule 2.516, F. R. Jud. Admin.:

**<u>John A. Rine</u>**
Primary email address:    john.rine@lewisbrisbois.com
Secondary email addresses:    flcourtmail@lewisbrisbois.com
                            karen.halsey@lewisbrisbois.com

**<u>Taylor N. Caster</u>**
Primary email address:    taylor.caster@lewisbrisbois.com
Secondary email addresses:    flcourtmail@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5<u>th</u> day of <u>August, 2022</u>, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-filing Portal, which will send a Notice of Service of Court Documents to **Harris I. Yegelwel, Esq.,** Morgan & Morgan, at the following designated email addresses:  hyegelwel@forthepeople.com; jsamulonis@forthepeople.com.

*<u>s/Taylor N. Caster</u>*
JOHN A. RINE
Florida Bar Number 989400
Email: john.rine@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
karen.halsey@lewisbrisbois.com

TAYLOR N. CASTER
Florida Bar 124402
Email: taylor.caster@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;

LEWIS BRISBOIS BISGAARD & SMITH LLP
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Phone:  813.739.1900; Fax:  813.739.1919
Attorneys for Defendant

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION**

JENNY GARCIA BERRIOS and
JORGE ANTONIO LOPEZ MALDONADO,

      Plaintiffs,

                                              CASE NO: 22-CA-5892

vs.

BPS DIRECT, LLC d/b/a BASS PRO SHOPS;
TEXSPORT INCORPORATED; and THE
COLEMAN COMPANY, INC.,

      Defendants.

_____/

## THE COLEMAN COMPANY, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

The Coleman Company, Inc. (hereinafter, "Coleman"), by and through its undersigned counsel, hereby files its Answer and Defenses to Plaintiffs' Complaint.

## ANSWER

To the correspondingly numbered paragraphs of Plaintiffs' Complaint, Coleman states:

## THE PARTIES, JURISDICTION & VENUE[1]

1.      Coleman admits that Plaintiffs have brought an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees, but denies that Plaintiffs are entitled to any monetary award and further denies that it is liable to Plaintiffs in any respect.

2.      Coleman is without knowledge of the allegations contained in paragraph 2 of Plaintiffs' Complaint and therefore denies same.

---

[1] Coleman incorporates Plaintiffs' headings in their Complaint for ease of reference, but does not otherwise concede any information that may be intended by such descriptive heading.

3.       Coleman is without knowledge of the allegations contained in paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.       The allegations contained in paragraph 4 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

5.       The allegations contained in paragraph 5 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

6.       Coleman admits it is a Delaware corporation with its principal place of business in Illinois, that it is authorized to do business in the State of Florida, and that it has appointed Corporation Service Company as its registered agent in Florida, but otherwise denies the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.       The allegations contained in paragraph 7 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

8.       The allegations contained in paragraph 8 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

9.      Coleman admits that it designs in part and manufactures in part some butane fuel gas canisters, including canisters that are sold to consumers within the State of Florida at Bass Pro Shop locations, but otherwise denies it manufactured the subject butane fuel gas canisters and denies the remaining allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     The allegations contained in paragraph 10 of Plaintiffs' Complaint, including subparagraphs (a)-(d), are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

11.     The allegations contained in paragraph 11 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

12.     The allegations contained in paragraph 12 of Plaintiffs' Complaint, including subparagraphs (a)-(c), are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

13.     The allegations contained in paragraph 13 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

14.     Coleman does not contest jurisdiction in this action but otherwise denies the allegations contained in paragraph 14, including subparagraphs (a)-(d), of Plaintiffs' Complaint. Coleman further specifically denies that voluntarily registering to do business in the state of

3

Florida is sufficient for purposes of establishing jurisdiction. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1318-19 (11th Cir. 2018).

15.     Coleman does not contest jurisdiction in this action but otherwise denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

## FACTS

16.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint and therefore denies same.

17.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiffs' Complaint and therefore denies same.

18.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiffs' Complaint and therefore denies same.

19.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiffs' Complaint and therefore denies same.

20.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiffs' Complaint and therefore denies same.

21.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiffs' Complaint and therefore denies same.

22.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiffs' Complaint and therefore denies same.

23.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Complaint and therefore denies same.

24.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Complaint and therefore denies same.

25.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Complaint and therefore denies same.

26.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiffs' Complaint and therefore denies same.

27.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiffs' Complaint and therefore denies same.

28.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiffs' Complaint and therefore denies same.

29.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiffs' Complaint and therefore denies same.

30.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiffs' Complaint and therefore denies same.

31.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiffs' Complaint and therefore denies same.

32.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiffs' Complaint and therefore denies same.

33.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiffs' Complaint and therefore denies same.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' Complaint and therefore denies same. Coleman specifically denies that the warnings accompanying the Subject Stove were defective or insufficient so as to cause Plaintiff's complained-of damages.

41.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiffs' Complaint and therefore denies same. Coleman specifically denies that the warnings accompanying the Subject Canister were defective or insufficient so as to cause Plaintiff's complained-of damages.

42.     Denied.

43.     Denied.

44.     Coleman objects to this allegation to the extent it commingles allegations against two separate Defendants in violation of the Federal Rules of Civil Procedure. Coleman otherwise denies the allegations directed towards it in paragraph 44 of Plaintiffs' Complaint.

45.     The allegations contained in paragraph 45 of Plaintiffs' Complaint are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations are deemed to apply to Coleman, Coleman is without knowledge and therefore denies same.

46.     Coleman objects to this allegation to the extent it commingles allegations against separate Defendants in violation of the Federal Rules of Civil Procedure. Coleman otherwise has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Complaint and therefore denies same.

47.     Coleman objects to this allegation to the extent it commingles allegations against

separate Defendants in violation of the Federal Rules of Civil Procedure. Coleman otherwise has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiffs' Complaint and therefore denies same.

48.     Coleman denies that it is liable to Plaintiffs in any respect and denies that Plaintiffs are entitled to any monetary award. Coleman otherwise has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Complaint and therefore denies same.

## CONDITIONS PRECEDENT

49.     Denied.

## COUNT I: NEGLIGENCE BPS DIRECT, LLC D/B/A BASS PRO SHOPS

50-64.     Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count I, paragraphs 50-64, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count I are deemed to apply to Coleman, those allegations are specifically denied.

## COUNT II: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

65-70.     Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count II, paragraphs 65-70, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count II are deemed to apply to Coleman, those allegations are specifically denied.

### COUNT III: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

71-77.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count III, paragraphs 71-77, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count III are deemed to apply to Coleman, those allegations are specifically denied.

### COUNT III: [2] STRICT LIABILITY AGAINST BPS DIRECT, LLC D/B/A BASS PRO SHOPS

78-87.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-four (44) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count III, paragraphs 78-87, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count III are deemed to apply to Coleman, those allegations are specifically denied.

### COUNT IV: NEGLIGENCE AGAINST THE COLEMAN COMPANY, INC.

88.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint.

89.    Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiffs' Complaint and therefore denies same.

90.    Coleman states that the allegations contained in paragraph 90 of Plaintiffs' Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Coleman admits that it owes certain duties, which duties it met, but otherwise denies the allegations contained in paragraph 90 of Plaintiffs' Complaint.

---

[2] This appears to be a misnomer and should actually be Count IV. The remaining Counts are all similarly affected.

8

91.     Coleman states that the allegations contained in paragraph 91 of Plaintiffs' Complaint contain a legal conclusion to which no response is required. To the extent a response is required, Coleman admits that it owes certain duties, which duties it met, but otherwise denies the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiffs' Complaint and therefore denies same.

98.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiffs' Complaint and therefore denies same.

99.     Coleman denies the allegations contained in paragraph 99 of Plaintiffs' Complaint, including subparagraphs (a)-(c).

100.     Denied. Coleman further denies the allegations contained in the WHEREFORE clause following paragraph 100 of Plaintiffs' Complaint.

### COUNT V: STRICT LIABILITY AGAINST THE COLEMAN COMPANY, INC.

101.     Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-four (44) of Plaintiffs' Complaint.

102.     Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 102 of Plaintiffs' Complaint and therefore denies same.

103.     Denied.

9

104.    Denied.

105.    Denied.

106.    Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 106 of Plaintiffs' Complaint and therefore denies same.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied. Coleman further denies the allegations contained in the WHEREFORE clause following paragraph 110 of Plaintiffs' Complaint.

### COUNT VI: NEGLIGENCE AGAINST TEXSPORT INC.

111-123.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count VI, paragraphs 111-110, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count VI are deemed to apply to Coleman, those allegations are specifically denied.

### COUNT VII: STRICT LIABILITY AGAINST TEXSPORT, INC.

124-133.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint. Coleman otherwise states that the allegations contained in Count VII, paragraphs 124-133, are not directed toward Coleman and therefore no responsive pleading is required. To the extent any of the allegations contained in Count VII are deemed to apply to Coleman, those allegations are specifically denied.

10

## COUNT VIII: LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

134.    Coleman adopts and incorporates by reference herein its responses to paragraphs one (1) through forty-nine (49) of Plaintiffs' Complaint.

135.    Coleman has insufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 135 of Plaintiffs' Complaint and therefore denies same.

136.    Coleman denies the allegations contained in paragraph 136 of Plaintiffs' Complaint to the extent they are directed towards it. Coleman further denies the allegations contained in the WHEREFORE clause following paragraph 136 of Plaintiffs' Complaint.

## DEFENSES

## FIRST DEFENSE

At the time and place and upon the occasion described in Plaintiffs' Complaint, Plaintiffs were negligent and their negligence was the sole or a contributing cause of their complained-of damages. Accordingly, any award in favor of Plaintiffs must be reduced in accordance with the law of comparative fault.

## SECOND DEFENSE

Coleman is entitled to a set-off of all amounts paid by any collateral source providers.

## THIRD DEFENSE

At the time and place and upon the occasion described in Plaintiffs' Complaint, the products were not in the same or substantially same condition as when they left the custody and control of their manufacturer.

## FOURTH DEFENSE

Any amount that Plaintiffs claim as compensatory damages, if the claims for such amounts are not entirely barred, must be diminished proportionately by the fault of Plaintiffs and the fault

of all others who caused or contributed to cause the harm. Coleman is entitled to have its liability to Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes. To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Coleman's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The identity of any non-parties to whom fault must be attributed who are identified during the course of this lawsuit will be named in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996). Coleman reserves the right to add any parties and/or non-parties to the verdict form at the trial of this action pursuant to *Fabre v. Marin*, 623 So.3d 1182 (Fla. 1993).

### FIFTH DEFENSE

Pursuant to Section 768.1256, *Florida Statutes,* a rebuttable presumption of non-defect exists with respect to the safety of the subject products in that they complied with applicable Federal and State codes, statutes, regulations or standards and was state-of-the-art at the time of manufacture.

### SIXTH DEFENSE

To the extent Plaintiffs assert claims based on Coleman's alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law and under the Supremacy Clause of the United States Constitution.

### SEVENTH DEFENSE

Plaintiffs' claims are barred and/or limited to the limited warranty given with the products.

## EIGHTH DEFENSE

To the extent the subject products and their component parts were not preserved, kept and/or maintained in the condition they were in immediately after the subject incident, Plaintiffs and/or other parties and non-parties to this action are guilty of spoliation of evidence.

## NINTH DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of other persons or entities over whom Coleman had no supervision or control, those acts or omissions being the sole proximate cause or an intervening or superseding cause of any damages Plaintiffs sustained.

## TENTH DEFENSE

Plaintiffs' alleged loss, damage, injury, harm, or expense may have been caused in whole or in part by Plaintiffs' failure to exercise reasonable care and to mitigate damages.

## ELEVENTH DEFENSE

The benefits of the design and composition of the products outweigh the risks, if any, associated with them.

## TWELFTH DEFENSE

Upon information and belief, Plaintiffs and/or other persons or entities were aware of, or should have been aware of, the proper, safe and intended use, care, and maintenance of the products. Plaintiffs and/or other persons or entities may have nevertheless, and with full knowledge of the consequences and dangerousness of such use, abused the product by not properly and safely caring for, using, and maintaining the products, and such abuse proximately caused Plaintiffs' damages.

13

**THIRTEENTH DEFENSE**

Plaintiffs' alleged injuries and expenses may have been caused by a modification or alteration of the products, and any such modification or alteration was not reasonably expected by Coleman.

**FOURTEENTH DEFENSE**

The products which are the subject of this lawsuit may have contained specific warnings regarding the consequences of its use which admonished the user not to use the products except pursuant to, and in strict conformance with, the instructions for its use. Coleman is informed and believes and thereon alleges that Plaintiffs and/or other persons or entities, with complete disregard for said warnings, and with knowledge of said warnings and with complete appreciation of the consequences and dangerousness of using the products contrary to said warnings, nevertheless used said products in disregard of the warnings and thereby proximately caused Plaintiffs' damages.

**FIFTEENTH DEFENSE**

The products which are the subject of this lawsuit may have contained specific instructions regarding the proper use of said products, the manner in which to properly use the products, the manner in which the products may be safely used, the procedures to follow to correctly, properly and safely use the products and the use for which the products were designed, intended, and marketed. Coleman is informed and believes and thereon alleges that Plaintiffs and/or other persons or entities were aware of, or should have been aware of, said instructions, and Plaintiffs and/or other persons or entities knew, or should have known, of the consequences and dangerousness of using the products contrary to and in disregard of said instructions, and yet nevertheless used said products contrary to said instructions which proximately caused Plaintiffs'

14

damages.

## SIXTEENTH DEFENSE

Plaintiffs' alleged damages, if any, were caused or contributed to, directly and proximately, by Plaintiffs' disregard of the warnings, instructions, user manual, and/or directions for the products' use.

## SEVENTEENTH DEFENSE

Pursuant to § 768.1257, *Florida Statutes*, the products and their component parts were state of the art at the time of manufacture.

## EIGHTEENTH DEFENSE

Plaintiffs' claims may be barred and/or limited by the applicable statute of limitations and/or statute of repose.

Coleman reserves the right to amend or supplement additional defenses based on information learned in the course of this litigation.

## DEMAND FOR JURY TRIAL

Coleman hereby further demands a trial by jury for all issues so triable.

/s/ Nicole Walsh
Robert M. Fulton
Florida Bar No. 0008516
Nicole Walsh
Florida Bar No. 111961
HILL, WARD & HENDERSON, P.A.
Post Office Box 2231
Tampa, FL  33601
bob.fulton@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
**Attorneys for Defendant The Coleman Company, Inc.**

15

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 8, 2022, I electronically filed the foregoing with the Clerk of the Court by using the Florida courts E-Filing Portal which will send a Notice of Service of Court Documents to Harris I. Yegelwel, Esq., of Morgan & Morgan, P.A. at hyegelwel@forthepeople.com (*counsel for Plaintiff*) and John A. Rine, Esq. and Taylor N. Caster, Esq., of Lewis Brisbois Bisgaard & Smith LLP, at john.rine@lewisbrisbois.com and taylor.caster@lewisbrisbois.com (*counsel for Bass Pro*).


/s/ Nicole Walsh
Attorney

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

        Plaintiff,

v.                                    CASE NO.    22-CA-005892
                                                Division:  H

BPS DIRECT LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

        Defendants,
_____/

### <u>STIPULATION FOR SUBSTITUTION OF COUNSEL</u>

        It is stipulated by and between the law offices of  HILL, WARD & HENDERSON, P.A.

and LITCHFIELD CAVO, LLP, that HILL, WARD & HENDERSON, P.A. may withdraw as

counsel for Defendant, THE COLEMAN COMPANY, INC. and that hereafter Jennifer L. Marino

of the law offices of LITCHFIELD CAVO, LLP, will appear for said Defendant in this matter.

Dated this 31st day of  August 2022.

HILL, WARD & HENDERSON, P.A.        LITCHFIELD CAVO LLP

*/s/ Nicole Walsh*                      */s/ Jennifer L. Marino*

_____         _____
Nicole Walsh                            Jennifer L. Marino, Esq.
Florida Bar No. 111961                 Florida Bar No. 12852
Hill, Ward & Henderson, P.A.        Litchfield Cavo LLP
Post Office Box 2231                   5201 W. Kennedy Blvd., Suite 450
Tampa, FL 33601                     Tampa, FL  33609
p-813-221-3900                      813-289-0690
nicole.walsh@hwhlaw.com         marino@litchfieldcavo.com

## **RETURN OF SERVICE**

State of Florida                    County of Hillsborough                    Circuit Court

Case Number: 22-CA-5892

Plaintiff:
**Jenny Garcia Berrios and Jorge Antonio Lopez Maldonado**

vs.

Defendant:
**BPS Direct, LLC d/b/a Bass Pro Shops; Texsport Incorporated; and
The Coleman Company, Inc.**

For:
Harris I. Yegelwel
Morgan & Morgan, P.A.
20 N. Orange Ave.
Suite 1600
Orlando, FL 32801

Received by Aallen Bryant & Associates, Inc. on the 15th day of July, 2022 at 2:42 pm to be served on
**Texsport Incorporated c/o R/A Jamile A. Ashmore, 11337 Quail Road, Dallas, TX 75238.**

I, Gary F. Hodges, do hereby affirm that on the **2nd day of September, 2022** at **9:28 am, I:**

**SERVED** the within named corporation/entity by delivering a true copy of the **Summons; Complaint;
Civil Cover Sheet; Request for Division Assignment** at the address of **1332 Conrad Sauer Drt.,
Houston, TX 77043** with the date and hour of service endorsed thereon by me to **Randy Palmer** as **CFO**
pursuant to F.S 48.081

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true,
that I am of legal age, and have no interest in the above action.

**Gary F. Hodges**
PSC10081 Exp 12/31/22

**Aallen Bryant & Associates, Inc.
P.O. Box 3828
Orlando, FL 32802-3828
(407) 872-0560**

Our Job Serial Number: LAB-2022010295
Ref: 11762721

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

        Plaintiff,

v.                                        CASE NO.    22-CA-005892
                                              Division:  H

BPS DIRECT LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

        Defendants,
_____/

## <u>NOTICE TO PRESERVE EVIDENCE</u>

      PLEASE TAKE NOTICE that the Defendant, THE COLEMAN COMPANY, INC, demands

that the Plaintiffs, JENNY GARCIA BERRIOS and JORGE ANTONIO LOPEZ MALDONADO,

preserve the following items, which are deemed evidence in this case:

1.     The Texsport Model 14250 Portable Butane Stove – serial/lot # 01.907 purchased from BPS Direct, LLC d/b/a Bass Pro Shops.
2.     The three (3) pack of Coleman Portable Butane Style Canisters, including the Subject Canister in the incident, in its unaltered state following the incident.
3.     The manual for The Texsport Model 14250 Portable Butane Stove – serial/lot # 01.907 plaintiffs read prior to use.
4.     The manual for the Coleman Portable Butane Style Canister plaintiffs read prior to use.
5.     The medium size pan, with a bit of cooking oil, placed on The Texsport Model 14250 Portable Butane Stove.
6.     The remaining bottle of cooking oil used as referenced in the complaint.

7.      Any other equipment, tables, chairs or other surfaces upon which the subject grill was resting upon or situated near at the time of the incident, regardless of whether there was any observable damage to same.

8.      All clothing the Plaintiffs' wore at the time of the incident on May 31, 2021.

9.      Any photographs taken of the scene of the incident on May 31, 2021 or which depict the scene of the incident as it appeared immediately following the alleged incident.

10.     Any other photographs taken on May 31, 2021 or after depicting the Plaintiffs.

11.     Any photographs of the Plaintiffs injuries from the accident on May 31, 2021.

12.     The records of bills or receipts related to payment of medical expenses form the date of the incident on May 31, 2021.

13.     Any articles or published reference materials regarding the parties involved in the incident at issued in this cause.

14.     Any data stored on any smart device used to monitor exercise, physical fitness, running, walking or any other type of fitness tracker.

15.     Any social media posts, emails, text messages, or other correspondence drafted, sent or received by Plaintiffs concerning the subject incident, any injuries sustained, treatment rendered or other circumstances relevant to or resulting from the subject incident.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of September 2022, a true and correct copy of the foregoing document has been filed and served electronically through the Florida e-Filing Portal to the following:

Harris I. Yegelwel, Esq.
MORGAN & MORGAN, P.A,
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
hyegelwel@forthepeople.com
jsamulonis@forthepeople.com
*Attorney for the Plaintiff*

John A. Rine, Esq.
Taylor N. Caster, Esq.
LEWIS BRISBOIS BISGAARAD & SMITH, LLP
401 East Jackson Street, Suite 3400
Tampa, FL 33602
john.rine@lewisbrisbois.com;
taylor.kaufman@lewisbrisbois.com
karen.hasley@lewisbrisbois.com
flcourtmail@lewisbrisbois.com
*Attorneys for Defendant, BPS Direct, LLC  d/b/a Bass Pro Shops*

Respectfully submitted,

2

**/s/ A. Michael Perotti**
A. MICHAEL PEROTTI, ESQUIRE
FBN: 177784
JENNIFER L. MARINO, ESQUIRE
FBN:  12852
LITCHFIELD CAVO LLP
4200 W. Cypress Street, Suite 450
Tampa, FL  33607
(813) 289-0690     Fax:  (813) 289-0692
perotti@litchfieldcavo.com
marino@litchfieldcavo.com
elliston@litchfieldcavo.com
bisnett@litchfieldcavo.com
tampaeservice@litchfieldcavo.com
*Counsel for Defendant The Coleman
Company, Inc.*

3

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

      Plaintiff,

v.                             CASE NO.   22-CA-005892
                                  Division:  H

BPS DIRECT LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

      Defendants,

_____/

## STIPULATION FOR SUBSTITUTION OF COUNSEL

      It is stipulated by and between the law offices of HILL, WARD & HENDERSON, P.A.

and LITCHFIELD CAVO, LLP, that HILL, WARD & HENDERSON, P.A. may withdraw as

counsel for Defendant, THE COLEMAN COMPANY, INC. and that hereafter Jennifer L. Marino

of the law offices of LITCHFIELD CAVO, LLP, will appear for said Defendant in this matter.

Dated this 31st day of August 2022.

HILL, WARD & HENDERSON, P.A.        LITCHFIELD CAVO LLP

*/s/ Nicole Walsh*                     */s/ Jennifer L. Marino*

_____         _____
Nicole Walsh                        Jennifer L. Marino, Esq.
Florida Bar No. 111961             Florida Bar No. 12852
Hill, Ward & Henderson, P.A.       Litchfield Cavo LLP
Post Office Box 2231              5201 W. Kennedy Blvd., Suite 450
Tampa, FL 33601                Tampa, FL  33609
p-813-221-3900                 813-289-0690
nicole.walsh@hwhlaw.com        marino@litchfieldcavo.com

**[Client consent appears on the following page]**

**CLIENT CONSENT:**

The undersigned hereby certifies his/her consent to the Stipulation for Substitution of Counsel

_____

Signature
By:     Marc P. Clements
Its:     Assistant Secretary
Dated:  September 9, 2022

2

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

       Plaintiff,

v.                                  CASE NO.    22-CA-005892
                                     Division:  H

BPS DIRECT LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

       Defendants,
_____/

## <u>ORDER ON STIPULATION FOR SUBSTITUTION OF COUNSEL</u>

Upon the forgoing Stipulation, it is

ORDERED and ADJUDGED that JENNIFER L. MARINO, ESQ. and the law firm of

LITCHFIELD CAVO, LLP are hereby substituted as counsel for the Defendant, The Coleman

Company, Inc. and that NICOLE WALSH, ESQ. and the law firm of HILL, WARD &

HENDERSON, P.A. are hereby relieved of all further responsibility for the representation of

Defendant, The Coleman Company, Inc., in this action.

DONE AND ORDERED in Chambers, Hillsborough County, FL this _____ day of

_____, 2022.

22-CA-005892 9/10/2022 7:56:07 AM

**22-CA-005892 9/10/2022 7:56:07 AM**

_____
Emmett L. Battles
Circuit Court Judge

<u>*Copies Furnished to:*</u>
Jennifer L. Marino, Esq. (marino@litchfieldcavo.com)
Nicole Walsh, Esq. (nicole.walsh@hwhlaw.com)

Case 8:22-cv-02259-VMC-JSS   Document 1   Filed 10/03/22   Page 98 of 99 PageID 98

IN THE CIRCUIT COURT OF THE THIRTEEN JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

JENNY GARCIA BERRIOS AND
JORGE ANTONIO LOPEZ
MALDONADO,

      Plaintiff,

v.                                                                CASE NO.      22-CA-005892
                                                                  Division:  H
BPS DIRECT LLC d/b/a BASS PRO
SHOPS; TEXSPORT
INCORPORATED; and THE
COLEMAN COMPANY, INC.

      Defendants,
_____/

## NOTICE OF APPEARANCE

COMES NOW the undersigned and files this Notice of Appearance as Counsel for the Defendant, THE COLEMAN COMPANY, INC. while expressly reserving any and all defenses which are or may be available to said Defendant in law or equity, including without limitation, jurisdictional defenses, both as to personal and subject matter jurisdiction, and/or objections to venue, and would request that any and all pleadings be forwarded to the address indicated below.

Respectfully submitted,

*/s/ A. Michael Perotti*

A. MICHAEL PEROTTI, ESQUIRE
FBN: 177784
JENNIFER L. MARINO, ESQUIRE
FBN:  12852
LITCHFIELD CAVO LLP
4200 W. Cypress Street, Suite 450
Tampa, FL  33607
(813) 289-0690      Fax:  (813) 289-0692
perotti@litchfieldcavo.com
marino@litchfieldcavo.com

1

elliston@litchfieldcavo.com
bisnett@litchfieldcavo.com
tampaeservice@litchfieldcavo.com
*Counsel for Defendant, The Coleman Company, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of September 2022, a true and correct copy of the foregoing document has been filed and served electronically through the Florida e-Filing Portal to the following:

| | |
|---|---|
| Harris I. Yegelwel, Esq.<br>Florida Bar No. 124285<br>MORGAN & MORGAN, P.A,<br>20 N. Orange Avenue, Suite 1600<br>Orlando, FL 32801<br>hyegelwel@forthepeople.com<br>jsamulonis@forthepeople.com<br>*Attorney for the Plaintiff* | John A. Rine, Esq.<br>Florida Bar No:  989400<br>Taylor N. Caster, Esq.<br>Florida Bar No.  124402<br>LEWIS BRISBOIS BISGAARAD & SMITH, LLP<br>401 East Jackson Street, Suite 3400<br>Tampa, FL 33602<br>john.rine@lewisbrisbois.com;<br>taylor.kaufman@lewisbrisbois.com<br>karen.hasley@lewisbrisbois.com<br>flcourtmail@lewisbrisbois.com<br>*Attorneys for Defendant, BPS Direct, LLC d/b/a Bass Pro Shops* |

*/s/ A. Michael Perotti*
A.  MICHAEL PEROTTI

2